COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Keith William Lamerland v. The State of Texas

Appellate case number:   01-16-00883-CR

Trial court case number:  1453794

Trial court:             232nd District Court of Harris County

Two volumes of clerk's record were filed in this Court. One volume was marked "Confidential Clerk's Record." Appellant has filed a motion to require the trial court to unseal this volume so that counsel may review it.

Rule 9.10 concerns the protection of privacy of documents filed in criminal cases. *See* TEX. R. APP. P. 9.10. Unless ordered otherwise, a filing with the court may not include sensitive data, which is defined to include driver's license, passport, and social security numbers, as well as bank account and credit card numbers. *See id*. at 9.10(a)(1)-(2), (b). A minor's name, birthdate, and home address are also classified as sensitive data. *See id*. at 9.10(a)(3). The rule requires redaction of sensitive data by using the letter "X" in place of the sensitive data. *See id*. at 9.10(d).

If a filer believes any sensitive information described in Rule 9.10(a) "is essential to a document or that the document would be confusing without the information, the filer may submit the information to the court in a reference list that is in paper form and under seal." *Id.* at 9.10(f). Other documents that are required to be sealed by statute, or to be redacted or kept confidential, "must be treated in accordance with the pertinent statutes and shall not be publicly available on the internet." *Id.* at 9.10(g). If a court orders documents sealed, the court's order "must be affixed to the outside of the sealed container if the sealed material is filed in paper form, or be the first document that appears if filed in electronic form." *Id.*

The confidential volume of clerk's record contains no sealing order and no reference list under Rule 9.10(f). Nonetheless, when this volume was filed in this Court, the district clerk indicated it was sealed. We are unable to determine the basis for sealing this volume.

Accordingly, we abate this appeal and remand the cause to the trial court to consider counsel's request to review the confidential clerk's record. The trial court shall make findings of fact and conclusions of law concerning appellant's counsel's request for access to the confidential clerk's record, and determine whether the documents in this confidential clerk's record are in compliance with Rule 9.10. The trial court shall order the trial clerk to forward to

this Court a supplemental clerk's record containing any findings and conclusions, or other orders concerning access to the confidential clerk's record. The hearing record and supplemental clerk's record shall be filed with the clerk of this Court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion.

It is so ORDERED.


Judge's signature: /s/ <u>Harvey Brown</u>
                              ☒   Acting individually


Date:   <u>February 7, 2017</u>